UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERRON JAMES ROLEN,

Petitioner,

v.

MARTIN GAMBOA, Warden,

Respondent.

No.  2:24-cv-02094-DAD-EFB (HC)

FINDINGS AND RECOMMENDATIONS

Petitioner is a state prisoner proceeding without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  Respondent moves to dismiss the petition as untimely and as partially unexhausted.  ECF No. 10.  Petitioner has filed an opposition (ECF No. 13), and respondent has filed a reply.  ECF No. 14.  For the following reasons, it is recommended that respondent's motion be GRANTED.

I.    **Background**

Petitioner was convicted in the Superior Court for the County of Sacramento for penetration with a foreign object of an unconscious person and assault with the intent to commit sexual penetration of an unconscious person.  ECF No. 9-1.  A number of sentencing enhancement allegations were also found true, and petitioner was sentenced to an indeterminate state prison term of twenty-five years to life.  *Id.*

Petitioner appealed the judgment, and the California Court of Appeal affirmed it on August 10, 2020.  ECF No. 9-2.  On October 21, 2020, the California Supreme Court denied

1

review.  ECF Nos. 9-3 and 9-4.

Petitioner also filed three state petitions for habeas corpus.  His first petition was filed in the Sacramento County Superior Court on April 12, 2022 and denied on May 9, 2022.  ECF Nos. 9-5 and 9-6.  His second petition was filed in the California Court of Appeal on October 22, 2022 and denied on November 10, 2022.  ECF Nos. 9-7 and 9-8.  His third petition was filed in the California Supreme Court on May 17, 2023 and denied on August 9, 2023.  ECF Nos. 9-9 and 9-10.  Petitioner filed his federal petition on August 2, 2024.  ECF No. 1.

## II.    Legal Standards

### A.  The Limitations Period

Under the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), a one-year limitations period for seeking federal habeas relief begins to run from the latest of: (1) the date the judgment became final on direct review or the expiration of the time for seeking such review (or April 25, 1996, if the judgment became final prior to AEDPA's enactment), (2) the date on which a state-created impediment to filing is removed, (3) the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or (4) the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1)(A)-(D); *Malcom v. Payne*, 281 F.3d 951, 955 (9th Cir. 2002).

### 1.  Statutory Tolling

No statute tolls the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed. . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  However, if a petitioner properly files a state post-conviction application prior to the expiration of the limitations period, the period is tolled and remains tolled for the entire time that application is "pending."  28 U.S.C. § 2244(d)(2).  A federal habeas application does not provide a basis for statutory tolling, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), nor does a state petition filed after the federal limitations period has expired.  *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

////

////

### 2.  Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Petitioner has the burden of showing facts entitling him to equitable tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).  The threshold necessary to trigger equitable tolling is very high, "lest the exceptions swallow the rule."  *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009).  Equitable tolling may be applied only where a petitioner shows that some external force caused the untimeliness.  *Id*.

### 3.  The Equitable Exception for Innocence

In addition, the statute of limitations is subject to an actual innocence exception.[1]  A petitioner may have her untimely-filed case heard on the merits if she can persuade the district court that it is more likely than not that no reasonable juror would have convicted her. *McQuiggin v. Perkins*, 569 U.S. 383, 386-87, 394-95 (2013); *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (en banc).  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing."  *McQuiggin*, 569 U.S. at 399.  For example, the "court may consider how the timing of the submission and the likely credibility of a petitioner's affiants bear on the probable reliability" of his evidence of innocence. *Id*.

### B.  Exhaustion

A district court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state court remedies.  28 U.S.C. § 2254(b)(1).  A state will not be deemed to have waived the exhaustion requirement unless the state, through counsel, expressly waives the requirement.  28 U.S.C. § 2254(b)(3).

---

[1] This exception is also known variably as the "miscarriage of justice" exception and the "*Schlup* gateway," after *Schlup v. Delo*, 513 U.S. 298 (1995), in which the U.S. Supreme Court held that a habeas petitioner whose claims were procedurally barred could nevertheless obtain a determination on the merits of his petition if he made the requisite showing of actual innocence.

Exhaustion of state remedies requires that petitioner fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (some internal quotations omitted). "[A] state prisoner has not 'fairly presented' (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law." *Lyons v. Crawford*, 232 F.3d 666, 668 (9th Cir. 2000), amended by 247 F.3d 904 (9th Cir. 2000). "[T]he petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is self-evident . . . ." *Id.* (citations omitted); *see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). ("[A] claim for relief in habeas corpus must include references to a specific federal constitutional guarantee, as well as a statement of the facts that entitled the petitioner to relief."); *Duncan*, 513 U.S. at 365-66 (to exhaust a claim, a state court "must surely be alerted to the fact the prisoners are asserting claims under the United States Constitution.").

In addition to identifying the federal basis of the claims in the state court, the petitioner must also fairly present the factual basis of the claim in order to exhaust it. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Robinson v. Schriro*, 595 F.3d 1086, 1101 (9th Cir. 2010). "[T]he petitioner must . . . provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which the [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)). Where a claim included in a federal petition has not been exhausted, the petition must be dismissed with leave to amend and without prejudice to the filing of a fully-exhausted petition unless the petitioner has requested a stay. *Rhines v. Weber*, 544 U.S. 269 (2005).

III.   Analysis

   A. Untimeliness

Respondent moves to dismiss the petition on the ground that it is untimely under AEDPA. For the reasons that follow, the undersigned agrees.

////

4

The California Supreme Court denied review of petitioner's direct appeal on October 21, 2020.  ECF No. 9-4.  The 150-day period to file a petition for writ of certiorari expired on March 20, 2021.  Petitioner's state court judgment became final ninety days later, on June 22, 2021, after the time to seek review from the United States Supreme Court by way of a petition for certiorari ended, and the one-year limitation period commenced running the following day, on March 21, 2021.  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).  Thus, absent an applicable tolling, the final day for petitioner to file a federal petition was March 20, 2022.  Petitioner filed his federal petition on August 2, 2024, more than two years after the deadline.  ECF No. 1.

### 1.  Statutory Tolling and the Equitable Exception for Innocence

Petitioner does not argue that he is eligible for statutory tolling, and a review of his state court filings confirms that he is not.  Petitioner did not file any state post-conviction collateral actions within the one-year time period,[2] and thus the applicable limitations period began to run on March 21, 2021.

Petitioner also does not argue he is entitled to an actual innocence exception to the tolling period, and there is nothing in the record indicating that such an exception is applicable here.

### 2.   Equitable Tolling

Petitioner maintains that he suffers from health problems that justify his delay in filing his federal petition.  Specifically, plaintiff states that he suffers from long COVID, which has caused his memory and health to be "irrevocably damaged."  ECF No. 13.  He acknowledges that he has been unable to find caselaw supporting a finding of "extraordinary circumstances" based on long COVID but argues that the timeline alone (presumably his lengthy delay in filing) demonstrates his adversity.  *Id.*

Petitioner has not demonstrated that he is entitled to equitable tolling.  Petitioner has not demonstrated extraordinary circumstances, and he has not shown that any circumstance prevented him from timely filing despite his diligence.  *See Holland*, 560 U.S. at 649.  To begin with,

---

[2] The earliest of petitioner's three state collateral petitions was filed on April 12. 2022, after the March 20, 2022 expiration of the limitation period.  ECF Nos. 9-5, 9-7, and 9-9.

petitioner does not detail when he allegedly contracted COVID and was diagnosed with long COVID, including whether he was ill during the time of the relevant one-year limitation period. ECF No. 13. The Ninth Circuit has noted that a determination of extraordinary circumstances is a fact-specific inquiry (*Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003)), and petitioner provides nothing by way of affidavit or medical record to support the allegations in his opposition that long COVID prevented him from timely filing his federal petition. Where, as here, a petitioner "gives no dates or details regarding his sickness, it cannot be determined how debilitating his illness was or for how long it would have prevented him from filing a timely petition." *White v. Matteson*, 2023 WL 3259464, *4 (N.D. Cal., May 4, 2023). Such contentions do not constitute extraordinary circumstances and as such are insufficient to trigger equitable tolling. *Id.*; *see also Holland*, 560 U.S. at 649.

Furthermore, petitioner has not demonstrated diligence throughout the time period he has been challenging his convictions. *See Smith v. Davis*, 953 F.3d 582, 598-99 (9th Cir. 2020) (holding that diligence is required throughout the entire time period prior to filing of a federal petition, and not solely during the time of alleged extraordinary circumstances). Petitioner retained counsel in March 2021, a year before his federal petition was due on March 20, 2022. ECF No. 9-10 at 3-4. At the point petitioner retained counsel, he had an advocate to assist him in challenging his convictions, regardless of whether he had long COVID; despite this, there was more than a year between retention of counsel and filing of petitioner's state petition. ECF No. 9-5. *See*, *e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding that periods of inactivity demonstrate lack of diligence).

Finally, the record reveals that petitioner did not allege that he was extraordinarily impacted by long COVID until this court ordered petitioner to reply to respondent's long-pending motion to dismiss, or face dismissal of his petition. ECF No. 12. For example, petitioner's first state petition (ECF No. 9-5) was denied as untimely. ECF No. 9-7. In his second and third state petitions, however, petitioner did not argue that he was entitled to tolling because of long COVID but rather because he was unskilled in the law. ECF Nos. 9-5 & 9-10.[3] Accordingly, for the

---

[3] Petitioner's second and third state petitions were filed on October 26, 2022 and May 23,

6

reasons discussed *supra*, petitioner has not demonstrated diligence and extraordinary circumstances entitling him to equitable tolling.

### B. Exhaustion

Because the court has determined that petitioner's federal habeas petition should be dismissed because it is untimely, the court need not address respondent's argument that parts of the petition – specifically several subclaims of claim one, and the entirety of claim two – are unexhausted.  Nonetheless, the argument is meritorious.

Petitioner raises two claims in his federal petition.  ECF No. 1.  In claim one, petitioner argues that his counsel was ineffective and in claim two, he argues that he was denied the right to an impartial jury because the trial court improperly allowed certain testimony.  Exhaustion of state remedies requires that petitioner fairly present federal claims to the highest state court, either on direct appeal or through state collateral proceedings, in order to give the highest state court "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan*, 513 U.S. at 365 (some internal quotations omitted).

Here, petitioner filed a petition for review and a petition for writ of habeas corpus before the state supreme court.  ECF Nos. 9-3 and 9-10.  Claim two (right to an impartial jury) is not raised in either petition.  While he raised several ineffective assistance of counsel claims in his two state supreme court petitions, he added multiple claims of ineffective assistance to his federal petition that were not presented to the state supreme court.  *Compare* ECF No. 1 with ECF Nos. 9-3 and 9-10.  In his opposition (ECF No. 13), petitioner does not deny that these claims are unexhausted.  Furthermore, the Ninth Circuit has held that new bases for ineffective assistance claims presented in federal court are not exhausted if they have not been presented to the state court. *Carriger v. Lewis*, 971 F.2d 329, 333-34 (9th Cir. 1992).  Thus, claim two and the portions of claim one that petitioner did not raise before the state supreme court are unexhausted, and the petition should be dismissed on grounds of failure to exhaust in addition to untimeliness.

////

2023 respectively.  These petitions were filed by petitioner's retained counsel.  ECF Nos. 9-7 & 9-10.

## IV.     RECOMMENDATION

Accordingly, it is hereby recommended that:

1.  Respondent's motion to dismiss (ECF No. 10) be GRANTED.

2.  This action be dismissed with prejudice as barred by the limitations period contained in 28 U.S.C. § 2244(d)(1)(A)-(D);

3.  The Clerk be directed to terminate any pending motions and close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing § 2255 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).

Dated: January 23, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE